# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2799

_____

Samuel L. LaFrank,

        Appellant,

v.

Larry Rowley,

        Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri
\*
\*
\*

_____

Submitted:  April 18, 2002

Filed:  August 25, 2003

_____

Before HANSEN,[1] Chief Judge, and McMILLIAN and MORRIS SHEPPARD
    ARNOLD, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Samuel L. LaFrank, a Missouri prison inmate, appeals from a final judgment
entered in the United States District Court[2] for the Eastern District of Missouri

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United
States Court of Appeals for the Eighth Circuit at the close of business on March 31,
2003.  He has been succeeded by the Honorable James B. Loken.

[2]The Honorable Jean C. Hamilton, United States District Judge for the Eastern
District of Missouri.

dismissing his pro se petition for habeas relief filed pursuant to 28 U.S.C. § 2254. LaFrank v. Rowley, No. 4:00CV1942 JCH (E.D. Mo. June 11, 2001). For reversal, appellant argues that the district court erred in holding that he did not receive ineffective assistance of counsel when trial counsel failed to call two defense witnesses and that he was not denied a fair trial when the state trial court denied the defense motions for mistrial following anonymous bomb threats. For the reasons discussed below, we agree with the district court that the state court decision was not contrary to, or involved an unreasonable application of, clearly established federal law and, accordingly, affirm the judgment of the district court.

The district court had jurisdiction over this petition for habeas relief pursuant to 28 U.S.C. §§ 1331, 2241, 2254; we have jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1291, 2253. Appellant filed a timely notice of appeal pursuant to Fed. R. App. P. 4(a).

According to the trial evidence, in August 1995 appellant held a birthday party for his daughter, Brandy LaFrank. The young teen-aged victim was one of the guests. After drinking five beers, the victim became ill. Appellant and Brandy took the victim to the bathroom where Brandy helped her change her clothes. Appellant and Brandy then took the victim to the bedroom so she could rest. Several girls periodically checked on the victim. The victim was awake but her eyes were closed. Less than an hour later, the victim heard appellant say that he was going to check on her. She heard appellant enter the bedroom but did not open her eyes. She identified the person who entered the bedroom as appellant by the jingling sound his keys made when he moved. She had heard the sound earlier in the evening and no one else at the party had made such a sound while moving. According to the victim, appellant sat down on the bed and penetrated her with his finger without her consent. The victim did not open her eyes or scream because she had seen a knife attached to appellant's key chain earlier that evening and was afraid that he would injure her with it. The victim also identified appellant because he was not wearing a shirt and she

felt his skin against her leg. Later, when one of her girlfriends checked on the victim, the victim told her friend about the assault. The friend and the victim left the party, and the next day the victim told the authorities about the assault.

In May 1996 a jury found appellant guilty of statutory sodomy in the first degree. The state trial court sentenced him to 15 years imprisonment as a prior and persistent offender. The state court of appeals affirmed his conviction and sentence. State v. LaFrank, 959 S.W.2d 874 (Mo. Ct. App. 1997) (per curiam) (table). The state supreme court denied the motion to transfer. Id., No. 80538 (Mo. Feb. 24, 1998). Appellant then filed a motion for post-conviction relief pursuant to Mo. S. Ct. R. 29.15, which the state trial court denied after an evidentiary hearing. LaFrank v. State, No. C 598-271CC (Mo. Cir. Ct. St. Francois County Mar. 15, 1999). The state court of appeals affirmed the denial of post-conviction relief. Id., No. ED76074 (Mo. Ct. App. Mar. 7, 2000) (per curiam).

In December 2000 appellant filed this pro se habeas petition in federal district court asserting four grounds for relief. He alleged that he was denied effective assistance of counsel because his trial counsel failed to call certain defense witnesses and to withdraw due to a conflict of interest (grounds 1 and 2) and that he was denied due process and a fair trial when the state trial court denied his motions for mistrial (ground 3) and the jury found him guilty on the basis of insufficient evidence (ground 4). The state agreed that appellant had exhausted his available state remedies. The district court determined that because appellant failed to raise two of the grounds in the appeal from the denial of his post-conviction relief motion, those grounds had been procedurally defaulted-- the failure to call Wanda Osia and Cleo Dellinger as defense witnesses (part of ground 1) and the failure to withdraw due to a conflict of interest (ground 2). Slip op. at 3-4.

The district court then addressed the remaining claims (more precisely, part of ground 1 and grounds 3 and 4) on the merits. Id. at 4-14. In the non-defaulted part

of ground 1 appellant claimed that he received ineffective assistance of counsel when trial counsel failed to call Brandy LaFrank and James Revelle as defense witnesses. Appellant claimed that Brandy LaFrank would have testified that her father went into the bedroom only once very briefly, that he did not have any keys or a knife on his belt loop, and that several teenage boys went in and out of the bedroom while the victim was resting. With respect to James Revelle, appellant claimed that he would have testified that the victim was "totally out of control" and had been acting in a "flirtatious and lewd manner" with the teenage boys at the party. The district court found that it was not objectively unreasonable for the state motion court to determine that the decision not to call these defense witnesses was a matter of trial strategy, which had been discussed with and approved by appellant, and thus not deficient performance on the part of counsel. Id. at 5-8, citing Findings of Fact, Conclusions of Law, and Judgment (order denying Mo. S. Ct. R. 29.15 motion for post-conviction relief) at 2 & n.2 (noting that, after doing a complete investigation, trial counsel was not aware that Brandy LaFrank would have testified that appellant did not have any keys or a knife on his belt loop; testimony about the victim's severe intoxication would have been inconsistent with the theory of the defense that "if [the victim] was as sober as she says there is no conceivable way that this could have happened").

In ground 3 appellant claimed that he was denied due process and a fair trial when the state trial court denied his motions for mistrial on the basis of anonymous bomb threats. Appellant argued that the bomb threats distracted and frightened the jury and that the jury rushed to a decision because it deliberated for only 25 or 35 minutes before returning the guilty verdict. The bailiff notified the state trial judge about the first bomb threat just before voir dire began; the venirepersons were temporarily excused while the courthouse was searched. The bailiff notified the state trial judge about the second bomb threat during voir dire; the state trial judge assured the venirepersons that the courthouse had been thoroughly searched and that no bombs had been found. Then defense counsel asked them about the bomb threats; only one venireperson expressed any concern, and he was later excused for cause.

Defense counsel moved for a mistrial at the end of voir dire; the state trial court denied the motion. Defense counsel renewed the motion for mistrial in his motion for new trial. At the post-trial hearing, defense counsel argued that, as the jurors were leaving the courtroom to deliberate, a deputy told the state trial judge about a third bomb threat. However, the state trial court found that there was no evidence that the jurors had heard about the third bomb threat and denied the motion. The district court found that it was not objectively unreasonable for the state court of appeals to determine that the state trial court did not abuse its discretion in denying the motions for mistrial on the basis of bomb threats. Id. at 8-11, citing Memorandum Supplementing Order Affirming Judgment at 4-6.

In ground 4 appellant claimed that he was denied due process and a fair trial because the jury convicted him on the basis of insufficient evidence. He claimed that the victim used only the sound of jingling keys to identify him as her assailant. The district court found that it was not objectively unreasonable for the state court of appeals to determine that the evidence was sufficient to establish guilt beyond a reasonable doubt. Id. at 11-14, citing Memorandum Supplementing Order Affirming Judgment at 2-4 (noting the victim heard appellant say that he was going to check on her and then she heard his keys jingling as he entered the room; there was no evidence that anyone else at the party made a similar jingling noise; there was evidence that the victim was alert and aware of her surroundings at the time of the crime).

The district court dismissed the habeas petition and granted a certificate of appealability as to grounds 1 (with respect to defense witnesses Brandy LaFrank and James Revelle only) and 3. This timely appeal followed.

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d), limits federal habeas review of state court decisions. E.g., Lockyer v. Andrade, 123 S. Ct. 1166, 1172 (2003).

A federal court may grant habeas relief pursuant to § 2254 "only if the adjudication of the claims on the merits by the state court 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts.'" In considering the denial of a § 2254 habeas petition, "we review the district court's factual findings for clear error and its legal conclusions de novo."

Lannert v. Jones, 321 F.3d 747, 750-51 (8th Cir. 2003) (citations omitted), petition for cert. filed, No. 03-5570) (U.S. July 23, 2003).

First, a state court decision is "contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent."

Lockyer v. Andrade, 123 S. Ct. at 1173 (citations omitted).

Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable.

Id. at 1174 (citations omitted). In Lockyer v. Andrade the Supreme Court clarified that "objectively unreasonable" does not mean "clear error," because "[t]hese two standards . . . are not the same. The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. at 1175.

"Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Rather, that application must be objectively unreasonable.

Id. (citations omitted).

As a preliminary matter, appellant argues that the district court erred in determining that the claim of ineffective assistance of counsel for failure to call Brandy LaFrank and James Revelle as defense witnesses was procedurally defaulted. We note, however, that the district court's procedural default analysis applied to two different defense witnesses, Wanda Osia and Cleo Dellinger.

On the merits, appellant argues that the district court erred in holding that he did not receive ineffective assistance of counsel when trial counsel failed to call as defense witnesses Brandy LaFrank and James Revelle. He argues that their testimony would have contradicted that of the victim on the issues of her intoxication and her identification of her assailant. We agree with the district court that the state court decisions were not contrary to and did not involve an unreasonable application of clearly established federal law and were not based on an unreasonable determination of the facts. The state courts identified the correct governing legal rule on ineffective assistance of counsel from Strickland v. Washington, 466 U.S. 668 (1984), and reasonably applied it to the facts of this particular case. It was not objectively unreasonable for the state courts to conclude that the decision not to call these defense witnesses was a matter of trial strategy, which had been discussed with and approved by appellant, and thus not deficient performance on the part of counsel.

Appellant next argues that the district court erred in holding that he was not denied due process and a fair trial when the state trial court denied his motions for mistrial on the basis of the bomb threats. Appellant argues that the bomb threats

distracted and frightened the jury and that the jury rushed to a decision because it deliberated for only 25 or 35 minutes before returning the guilty verdict. We agree with the district court that the state court decisions were not contrary to and did not involve an unreasonable application of clearly established federal law and were not based on an unreasonable determination of the facts. The state courts identified the correct governing legal rule on the fitness of jurors from Patton v. Yount, 467 U.S. 1025 (1984), and reasonably applied it to the facts of this particular case. It was not objectively unreasonable for the state courts to conclude that the decision not to grant a mistrial did not deny appellant due process and a fair trial. The state trial judge assured the venirepersons that the courthouse had been thoroughly searched and that no bombs had been found. Defense counsel asked them about the bomb threats; only one venireperson expressed any concern, and he was later excused for cause. There was no evidence that the jury had overheard the deputy tell the state trial judge about the third bomb threat.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.